## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 16- |
| ) | |
| $485.00 IN U.S. CURRENCY, Representing ) | ACTION FOR FORFEITURE |
| 410 PUERTO RICAN LOTTERY TICKETS) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff United States of America, by its attorneys, Ronald W. Sharpe, United States Attorney for the District of the Virgin Islands, and Noah D. Sacks, Assistant United States Attorney, pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, brings this civil action of forfeiture *in rem* and respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce the provisions of Title 19, United States Code, Section 1305, and forfeit and condemn to the use and benefit of the United States of America the defendant property, Four Hundred Eighty Five dollars ($485.00) in United States currency, representing 410 Puerto Rican lottery tickets, for violations of those provisions.

### JURISDICTION AND VENUE

2. Plaintiff brings this action in rem in its own right to forfeit the defendant property pursuant to 19 U.S.C. § 1305, which provides for the forfeiture of certain articles,

*United States v. $485.00 in U.S. Currency*
Verified Complaint for Forfeiture In Rem
Page 2

including "any lottery ticket . . . . imported or brought into the United States, or attempted to be imported or brought into the United States."

3. The Court has subject matter jurisdiction over this action because it is commenced by the United States under 28 U.S.C. § 1345, and it is an action for forfeiture under 28 U.S.C. § § 1355(a) and 1305.

4. The Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and 28 U.S.C. § 1355(b)(1)(B) because the defendant property is found in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and 19 U.S.C. § 1305 because the defendant property is found in this district.

## THE DEFENDANT IN REM

6. The defendant property is $485.00, which represents the redeemed value of 410 pieces of winning Puerto Rican traditional lottery tickets ("lottery tickets"). The lottery tickets were seized in St. Thomas, Virgin Islands, on October 13, 2015 by United States Customs and Border Protection ("CBP") during an inspection of outbound U.S. Postal Service mail headed from St. Thomas to Puerto Rico. CBP subsequently redeemed the lottery tickets for $485.00.

*United States v. $485.00 in U.S. Currency*
Verified Complaint for Forfeiture In Rem
Page 3

## FACTS

7. The facts and circumstances supporting the seizure of the defendant property are contained in the Declaration of Luis Vélez, Special Agent of the U.S. Immigration and Customs Enforcement-Homeland Security Investigations, which is attached hereto and incorporated herein, as if fully stated.

## COUNT 1

8. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 7 herein.

9. The 410 Puerto Rican lottery tickets were seized during an attempt to import them into the United States, in violation of 19 U.S.C. § 1305(a).

10. As a result of the foregoing, the defendant property is subject to forfeiture to the United States of America pursuant to 19 U.S.C. § 1305(b).

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff United States of America requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or believed to have an interest in or right to the property to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property forfeited to the United States of America for disposition according to law; that the

*United States v. $485.00 in U.S. Currency*
Verified Complaint for Forfeiture In Rem
Page 4

plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as the Court deems just and proper.

Dated: May 24, 2016                     Respectfully submitted,

                                                      RONALD W. SHARPE
                                                     UNITED STATES ATTORNEY

By:    /s/ Noah D. Sacks
        Noah D. Sacks
        Assistant United States Attorney
        United States Attorney's Office
        District of the Virgin Islands
        5500 Veterans Dr., Rm. 260
        St. Thomas, VI 00802
        Ph: (340) 774-5757 / Fx: (340) 776-3474
        noah.sacks@usdoj.gov

*United States v. $485.00 in U.S. Currency*
Verified Complaint for Forfeiture In Rem
Page 5

## VERIFICATION

I, Luis Vélez, hereby verify and declare under penalty of perjury that I am an officer for United States Immigration and Customs Enforcement, Homeland Security Investigations, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters stated herein to be alleged on information and belief, and as to those matters I believe them to be true.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2016.

Luis Velez, Special Agent
U.S. Department of Homeland Security

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 16- |
| ) | |
| $485.00 IN U.S. CURRENCY, Representing ) | ACTION FOR FORFEITURE |
| 410 PUERTO RICAN LOTTERY TICKETS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DECLARATION OF LUIS VELEZ

Pursuant to Title 28, United States Code, Section 1746, I, Luis Vélez state as follows:

1. I am employed as a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations (HSI), a federal law enforcement agency within the Department of Homeland Security. I am currently assigned to the HSI San Juan area of responsibility (AOR) in Puerto Rico. I have been employed as a federal agent with HSI since March 16, 2008. As a Special Agent for HSI, my responsibilities include conducting criminal investigations involving the importation of contraband in violation of Titles 8, 18, 19, 21, and 31 of the United States Code (U.S.C.). I have personally conducted criminal investigations involving the importation or transportation of lottery tickets in violation of 18 U.S.C. § 1301, the smuggling of goods from the United States, 18 U.S.C. § 554, and related offenses.

2. I have attended the United States Immigration and Customs Enforcement Special Agent Training at the Federal Law Enforcement Training Center, in Glynco, Georgia. I have also been formally trained in conducting investigations related to money laundering and Bank

Secrecy Act violations. Currently, I am assigned to HSI San Juan's Illicit Trade Enforcement Group (ITEG). Its mission is to investigate, disrupt and dismantle individuals, organizations and/or entities exploiting vulnerabilities that pose a threat to the U.S. economy as well as the public's health and safety, by focusing investigative efforts in the areas of commercial trade and violations of intellectual property rights, i.e. Anti-Dumping & Countervailing; Commercial Enforcement Analysis & Response; Environmental Crimes; Inbond Diversion; Transshipment of Commercial Goods; Trade Agreements (NAFTA); Cultural Property and General Smuggling. I have also been trained in matters related to the conduct of financial investigations related to money laundering activity, including violations of 18 U.S.C. §§ 1956 (Laundering of Monetary Instruments), and 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activities). I have also received formal, agency-sponsored instruction pertaining to financial investigations and related matters.

3. I make the following statements based on information obtained through personal observations, statements from witnesses, information supplied to me by other law enforcement officers and information obtained through the use of law enforcement and immigration databases. Because this declaration is submitted for a limited purpose, I have not included the details of every aspect of this investigation.

4. On October 13, 2015, U.S. Customs and Border Protection (CBP) in St. Thomas was conducting outbound inspections of U.S. Postal Service (USPS) mail headed from St. Thomas to Puerto Rico. During this inspection, an Express Mail parcel bearing tracking number EK557890501US was selected for further examination. CBP officers exercising their border search authority opened the parcel to reveal approximately 410 Puerto Rico traditional lottery tickets.

5. The information for USPS Express Mail parcel tracking number EK557890501US indicated the following:

>Shipper:
>
>Jeffrey Williams
>9718 Al Cohen's Mall
>St. Thomas, US Virgin Islands
>
>Consignee:
>Ronald Rivera
>PO Box 94
>Toa Baja, Puerto Rico 00951

6. Our investigation revealed that the postage stamp on the parcel was purchased on October 13, 2015 for $17.95 at zip code 00802. Zip code 00802 is assigned to Charlotte Amalie, St. Thomas, U.S. Virgin Islands. The USPS tracking label revealed that the parcel was entered into the U.S. mail stream on October 13, 2015, at 11:26 am with an approximate weight of eight pounds.

7. Further checks revealed that on that same day Jeffrey Williams had deposited in the US Mail, with a three minute difference, another parcel containing 550 Puerto Rican lottery tickets and identified with US Express Mail tracking number: EK557890515 (refer to USA v. $580.00 IN U.S. CURRENCY, Representing 550 PUERTO RICAN LOTTERY TICKETS)

8. Federal law provides that transporting or sending or attempting to transport or send lottery tickets from the U.S. Virgin Islands to Puerto Rico is tantamount to importing the lottery tickets from a foreign country.

9. The 410 Puerto Rican lottery tickets were subsequently determined to be winning tickets and were redeemed by CBP for $485.

3

10. Based on my training and experience, participation in other investigations, and the facts as set forth in this declaration, there is probable cause to believe that the 410 Puerto Rican lottery tickets were being imported from the U.S. Virgin Islands to Puerto Rico in violation of 19 U.S.C. § 1305 (Immoral articles; importation prohibited mentioned), and are therefore subject to forfeiture in accordance with 19 U.S.C. § 1305(b).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2016.

Luis Vélez, Special Agent
U.S. Department of Homeland Security